UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN WESLEY KIMBROUGH, III, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-293-MGG |
| DAWN BUSS, | |
| Defendant. | |

OPINION AND ORDER

John Wesley Kimbrough, III, a prisoner without a lawyer, is proceeding in this case on two claims against Deputy Warden Dawn Buss: (1) "for retaliating against him for complaining about the discriminatory shakedowns by having false disciplinary charges brought against him and having him fired from his job, in violation of the First Amendment;" and (2) "for allegedly subjecting Black inmates (including Mr. Kimbrough) to shakedowns more frequently than non-Black inmates, waiving the 90-day idle period for non-Black inmates but not Black inmates (including Mr. Kimbrough), and dismissing disciplinary charges against white inmates while pursuing less serious charges against Black inmates, in violation of the Equal Protection Clause[.]" ECF 8 at 5-6. Deputy Warden Buss filed a motion for summary judgment. ECF 143. With the motion, Deputy Warden Buss provided Kimbrough the notice required by N.D. Ind. L.R. 56-1(f). ECF 146. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. The court extended Kimbrough's deadline until July 8, 2024. ECF 149. This deadline passed over a week ago, but Kimbrough has not responded. Therefore the court will now rule on Deputy Warden Buss' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

First Amendment retaliation claim

To prevail on a First Amendment retaliation claim, Kimbrough must show "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First

2

Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). To satisfy the third element, Kimbrough must show, based on admissible evidence, "a causal link between the protected act and the alleged retaliation." *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (internal quotations omitted). Once Kimbrough makes this showing, "[t]he burden then shifts to the defendants to show that they would have taken the action despite the bad motive." *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009). If the defendant carries this burden, the plaintiff may still reach trial by showing that the defendant's reasons were merely pretextual. *Valentino v. Vill. of S. Chicago Heights*, 575 F.3d 664, 670 (7th Cir. 2009).

Deputy Warden Buss provides evidence showing the following facts:[1] On October 30, 2019, Kimbrough submitted a grievance at Indiana State Prison ("ISP") alleging he was subjected to a discriminatory shakedown on October 17. ECF 144-7 at 11. The grievance office denied the grievance, and Kimbrough fully appealed the grievance on December 31, 2019. *Id.* at 1.

Approximately seven months later, on June 29, 2020, Kimbrough was working as a clerk in the ISP library when he compiled documents onto a blank CD he took from the library to send to his attorneys for a federal lawsuit he had pending at the time. ECF 144-1 at 77-78, 85-86. He placed the CD in an envelope and provided it to his counselor,

---

[1] Because Kimbrough did not respond to Deputy Warden Buss' summary judgment motion, the court accepts these facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . .")

3

Jacqueline Mayes, to have it sent to his attorneys. *Id* at 80. Counselor Mayes inspected the mailing for contraband and discovered the CD. ECF 144-2 at 2. She informed Kimbrough he couldn't have the CD because it was unauthorized property. *Id.* Specifically, inmates at ISP aren't allowed to possess or make CDs, and library employees are only allowed to use blank CDs when they are given permission and it relates to their job assignments. *Id.*; ECF 144-6 at 2. Counselor Mayes called Deputy Warden Buss to tell her she'd found the unauthorized CD in Kimbrough's mail. ECF 144-2 at 2. Deputy Warden Buss instructed Counselor Mayes to confiscate the CD, send it to the Office of Investigations and Intelligence, and write Kimbrough up for a conduct violation. *Id.* Counselor Mayes wrote Kimbrough a Conduct Report for Possession of Unauthorized Property, and the case was scheduled for a disciplinary hearing. *Id.* at 3.

At the disciplinary hearing on July 9, 2020, Kimbrough pled guilty and stated he didn't know it was wrong to have the CD. ECF 39 at 58. He received a written reprimand and loss of communication privileges for two weeks. *Id.* On July 17, 2020, Deputy Warden Buss sent an email to Library Supervisor Angela McGee stating Kimbrough needed to be terminated from his job as a library clerk for possessing and trying to mail out the unauthorized CD. ECF 39 at 65; ECF 144-5 at 2. Library Supervisor McGee wrote a Report of Classification Hearing requesting Kimbrough be removed from his job in the library "due to the need of constant supervision," as she believed he would need constant supervision in the library due to his possession of the unauthorized CD. ECF 39 at 20; ECF 144-6 at 2. On July 22, 2020, the Supervisor of Classification, Debbie Abram, approved the request and removed Kimbrough from his

position in the library. ECF 39 at 20; ECF 144-5 at 2. Classification Supervisor Abram also placed Kimbrough on a 90-day idle period, meaning he was ineligible to work for 90 days following the decision. *Id.*

Here, there is no evidence showing a causal link between Kimbrough's filing of a grievance in October 2019 and his removal from his library position in July 2020. Specifically, Kimbrough provides no evidence he was removed from his library position in retaliation for filing his grievance, and there is not a sufficient temporal connection between the two events for a reasonable jury to infer causation. *See Turner v. The Saloon, Ltd.*, 595 F.3d 679, 687 (7th Cir. 2010) (stating that more than half a year between the filing of a complaint and the dismissal from a position is "far too long to withstand summary judgment."). Moreover, Deputy Warden Buss has provided undisputed evidence Kimbrough was removed from his library position not because he filed a grievance but because he improperly possessed and placed files onto a CD, which resulted in him pleading guilty to a conduct violation. Kimbrough provides no evidence disputing that he was removed from his library position due to this conduct violation, or that the conduct violation was in any way pretextual. Therefore, summary judgment is warranted in favor of Deputy Warden Buss on this claim.

Equal protection claim

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). To avoid summary judgment on this claim, Kimbrough must provide evidence that would allow

5

a reasonable jury to infer that Deputy Warden Buss intentionally treated him differently because of his race. *Id*. (citing *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016)).

Deputy Warden Buss argues she is entitled to summary judgment because there's no evidence she treated Kimbrough or any other inmate differently because of his race. ECF 147 at 13-16. Kimbrough is proceeding against Deputy Warden Buss for treating him differently because of his race by (1) subjecting Black inmates to shakedowns more frequently than non-Black inmates, (2) waiving the 90-day idle period for non-Black inmates but not Black inmates, and (3) dismissing disciplinary charges against white inmates while pursuing less serious charges against Black inmates. Each sub-claim will be addressed in turn.

Regarding the shakedowns, Deputy Warden Buss attests she is not involved in shaking down inmates and is not present when shakedowns occur. ECF 144-5 at 3. Moreover, she attests that, while she previously has asked custody staff to shakedown certain inmates when she is notified of an inmate having drugs or weapons, race never has played a factor in that determination. *Id.* Kimbrough testified at his deposition that Black inmates seem to be targeted for more shakedowns than non-Black inmates at ISP based on his "observations," but he conceded he only observed some of the shakedowns that occurred in the prison and that he "knew nothing" about Deputy Warden Buss' involvement in any shakedown. ECF 144-1 at 62-63. Here, the record contains no evidence other than Kimbrough's speculation that Deputy Warden Buss subjected Black inmates to shakedowns more frequently than non-Black inmates. *See*

6

*Boston v. U.S. Steel Corp.*, 816 F.3d 455, 466 (7th Cir. 2016) (a claim of race discrimination supported only by speculation and conjecture is not enough to survive summary judgment). Based on the evidence in the record, no reasonable jury could conclude Deputy Warden Buss subjected Kimbrough or any other inmate to a shakedown because of his race. Summary judgment is warranted in favor of Deputy Warden Buss on this sub-claim.

Regarding waiving the 90-day idle period, Deputy Warden Buss attests that whenever an inmate is removed from his job assignment, the inmate is placed on a 90-day idle period where he is ineligible to work. ECF 144-5 at 2. The determination to impose an idle period in Kimbrough's case was made by the Supervisor of Classification, not by Deputy Warden Buss. *Id.* Deputy Warden Buss has the authority to waive the 90-day idle period if the inmate submits a request, and the inmate's race has never been part of her decision to do so. *Id.* at 3. Kimbrough testified at his deposition that he asked his counselor to waive the 90-day idle period, but he never submitted any written waiver request to Deputy Warden Buss. ECF 144-1 at 113-14. Here, because there is no evidence Deputy Warden Buss ever denied any waiver request from Kimbrough, or that her decision to deny a waiver request has ever been motivated by an inmate's race, no reasonable jury could conclude Deputy Warden Buss treated Kimbrough differently because of his race by denying his waiver request. Summary judgment is warranted in favor of Deputy Warden Buss on this sub-claim.

Regarding the disciplinary charges, Deputy Warden Buss attests that conduct violations are heard by the Disciplinary Hearing Board ("DHB"), and she has no role in

the decisions made by the DHB. ECF 144-5 at 3. Specifically, she does not determine whether inmates are found guilty, and does not decide what sanctions are imposed or recommended by DHB staff. *Id.* Here, it's undisputed Kimbrough pled guilty to a conduct violation for possessing an unauthorized CD, and was sanctioned by the DHB. While Deputy Warden Buss instructed Kimbrough's counselor to write Kimbrough up for the conduct violation, there's no evidence she was in any way motivated by Kimbrough's race. Because there's no evidence Deputy Warden Buss has ever treated Kimbrough or any other inmate differently because of his race in determining whether to pursue or dismiss a conduct violation, summary judgment is warranted in favor of Deputy Warden Buss on this sub-claim.

For these reasons, the court:

(1) GRANTS Deputy Warden Buss' motion for summary judgment (ECF 143); and

(2) DIRECTS the clerk to enter judgment in favor of Deputy Warden Buss and against John Wesley Kimbrough, III, and to close this case.

SO ORDERED on July 17, 2024

                                                s/Michael G. Gotsch, Sr.
                                                Michael G. Gotsch, Sr.
                                                United States Magistrate Judge